No. 2905.—A. F. Wild *v.* C. L. Ferguson.—William S. Mudgett, Intervenor.

The salary of a State officer can not be seized and sold for debt, nor can a garnishment process issue directing the State Auditor to warrant in favor of a seizing creditor of an officer of the State for the amount of salary due him.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble,* J. *George H. Penn,* for plaintiff and appellant. *H. M. Dibble,* for intervenor, appellee.

Taliaferro, J. The plaintiff, a judgment creditor of the defendant, took out garnishment process against James Graham, State Auditor, to seize the right of his debtor in an appropriation made by the Legislature thirty-first March, 1870, for the relief of George A. Fosdick, C. L. Ferguson, William Baker and others. The Auditor answered: "I have been furnished by the Secretary of State with a certified copy of an act entitled 'an act for the relief of G. A. Fosdick, C. L. Ferguson, William Baker and others,' approved May 31, 1870, by which is appropriated to said C. L. Ferguson the sum of $535. Said sum still remains to the credit of said Ferguson. I have still, under the provisions of said act, the said sum of $535, for which a warrant might be issued for the benefit of said Ferguson or for his account."

The act of the Legislature referred to recites that the appropriation was made "for services rendered the State as members of the Board of Registration and employes thereof after the fifteenth of December, 1868, and for which the aforesaid persons have not been paid." An execution was issued and the interest and right of Ferguson in this appropriation was seized. Mudgett, alleging that he is the transferree of this claim of Ferguson, came in by injunction and third opposition and opposed the sale of it.

The plaintiff answered the opposition, averring that he had acquired all Ferguson's rights by virtue of the proceedings he had taken; that he thereby had acquired a privilege superior to any pretended right of the intervenor. Judgment was rendered in favor of the intervenor, perpetuating the injunction and declaring him owner of all the right of Ferguson in the Legislative appropriation. From this judgment the plaintiff appealed.

A certificate of transfer was shown from Ferguson to the plaintiff, dated sixth May, 1870. The plaintiff contends that this instrument is without effect as against him, because no notice of the transfer was ever given to the State, being in this case in the attitude of debtor, and cites Civil Code, article 2613. On the other hand it is urged that the compensation appropriated for Ferguson's benefit is a salary for performing the duties of a public office, and therefore not liable to seizure for debt. C. C., article 1987; C. P., article 647.

We are not satisfied that the plaintiff acquired a right to the defendant's interest under the act of the Legislature referred to, as we do not recognize the legality of garnishment process against the State. It is clear that the salary of the officer could not be seized and sold for debt.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

Rehearing refused.